### CHARLES W. CHURCH *vs.* FREDERICK C. STEELE.

The plaintiff and defendant exchanged lands in a city, the plaintiff's land being 100 feet in front and called $81.50 per front .foot, and the defendant's land being called $27 per front foot and described in the deed as bounded north on Sanford street 283 feet and west on Windsor street. Windsor street had been previously laid out by the common council, but had not been opened, and there was nothing to show its lines, though they could have been ascertained by surveying. The value of the defendant's land, at $27 per foot for 283 feet, came to $7,641 and the defendant paid $593 in cash as the difference between the pieces exchanged. There proved to be in fact but 265 feet of the defend-

ant's land.   Held that the plaintiff was entitled to recover at the rate of $27 per foot for the deficiency.
And held that the same could be recovered in an action of assumpsit for lands sold.

COVENANT BROKEN, with a count in assumpsit for lands sold and conveyed; brought to the Court of Common Pleas of Hartford County and tried to the court, on the general issue, before *Briscoe, J.*  The following facts were found by the court.

On the 6th day of March, 1873, the plaintiff and defendant exchanged lots of land by them respectively owned, in the city of Hartford, and each executed to the other a' warranty deed, in the usual form, conveying his lot.

The land of the plaintiff, situated on Laurel street, was estimated in the exchange at $8,150, and that of the defendant, situated on Sanford street, at $7,641; the defendant paying to the plaintiff $593, which was the difference in the estimated value of the lands after adjusting the amount of the mortgages on the lots, which were respectively assumed by the parties.

The land conveyed by the defendant's deed to the plaintiff was described as follows : " A certain piece of land situated on the south side of Sanford street, in said Hartford, bounded and described as follows : North on Sanford street, 283 feet; east on land of the railroad company, 115 feet; south on land of Joel B. Green and H. G. Loomis ; and west on Windsor street, 115 feet."

Windsor street was lawfully laid out by vote of the common council of the city, on the 30th of March, 1872, from a survey made by the city surveyor, but at the time the deeds were executed and delivered it was not worked, nor was there anything to show to the eye where the boundaries of the street were, though, taking the vote laying out the street, with surveyors' instruments, there was no difficulty in finding its eastern boundary.  The eastern boundary of the land was fixed by the railroad fence, and the northern by Sanford street, which had been opened and worked.

· There were in fact but 265 feet front on Sanford street

between the land of the railroad company and the eastern boundary of Windsor street, though both the plaintiff and the defendant supposed there were 283 feet front on Sanford street.

Previous to the purchase the plaintiff, who was a dealer in real estate to a considerable extent, employed N. B. Hall, a real estate broker in Hartford, to sell or exchange his lot on Laurel street; and subsequently Hall, examining the town records, saw the record of the conveyance on Sanford street to the defendant, and thereupon called upon the defendant and solicited the privilege of selling his land for him, to which the defendant consented. Hall then proposed the exchange to Church, informing him that he had examined the record of the defendant's conveyance, and that it called for 283 feet front on Sanford street, which was the fact.

After further negotiations carried on through Hall, an exchange was agreed upon, and the parties met at Hall's office, where the bargain was completed. The plaintiff's land was estimated at $81.50 per front foot for 100 feet, and the defendant's land at $27 per front foot for 283 feet.

The deeds were drawn by Hall in the presence of the parties from memoranda he himself had made.

If the defendant had supposed there were only 265 feet front, he would have figured on that number of feet, instead of 283, the number both supposed the lot to contain.

Both the plaintiff and the defendant paid Hall commissions for his services.

The plaintiff requested the court to hold, that upon the above facts the distance mentioned in the deed, of 283 feet on Sanford street, was a boundary of the land, and that by a proper construction of the deed the defendant thereby covenanted with the plaintiff that he was seized and possessed of 283 feet on Sanford street, and it being found that the lot contained only 265 feet, there was a breach of the covenant of seizin; but the court refused so to hold.

The plaintiff then requested the court to hold, that upon the facts there was a mistake on the part of both parties, as to the amount of land contained in the lot on Sanford street,

and that the plaintiff was entitled to recover upon the count for lands sold the difference between 283 feet and 265 feet at $27 per foot; but the court refused so to hold, and gave judgment that the defendant recover his costs.

The plaintiff moved for a new trial, for error in the above rulings of the court.

*Perkins* in support of the motion.

1.   The general rule that monuments are to govern rather than measurements, in the construction of a deed, is founded upon the supposed intention of the parties, but where the intention of the parties is clearly otherwise, that intention is to prevail.   3 Washb. R. Prop., book 3, ch. 5, § 4, arts. 40, 52; *Davis* v. *Rainsford,* 17 Mass., 207; *Parks* v. *Loomis,* 6 Gray, 472; *Pierce* v. *Brown,* 24 Verm., 165; *Smith* v. *McAllister,* 14 Barb., 434; *Morris* v. *Owens,* 3 Strobh., 199; *Bradford* v. *Cressy,* 45 Maine, 13.   In this case the fact that the land was to be paid for at $27 per foot is enough to satisfy any one what both parties intended, and the court has substantially found it in saying that both *supposed* the deed conveyed 283 feet.

2.   But the rule is not applicable here, because there was no monument.   It must be a known and visible boundary, like a mere-stone, or tree, or corner of a house, but where the point of beginning or ending is not a visible or known thing, but only a street which has never even been surveyed or staked out, and the line of which cannot be discovered without a survey, the reason of the thing is entirely different.   Cases last cited. In *Benedict* v. *Gaylord,* 11 Conn., 336, CHURCH, J., says: " The limits of 'another's land referred to generally, without particularity of description *or known and certain boundaries, are descriptions of great uncertainty,* and can only be rendered certain by investigation and survey."

3.   If therefore the court finds that the intention of the parties was to convey 283 feet, then the failure is a breach of the covenant of seizin.   " The covenants for title apply to what is conceived to be the subject matter of the conveyance according to the intention of the parties."   Rawle on Covenants, 524.

4. But if we can not recover on the count in covenant, we surely can on the count for lands sold. We conveyed to him certain land·at the agreed price of $8,150. For this he was to pay us in a certain piece of land, agreed to be called $27 per front foot, and the balance in cash. The land was supposed to be 283 feet front, which left the cash difference, after adjusting interest on the mortgages, only $593, which he paid us. But the land proved to be only 265 feet front, which left the cash difference to be paid us $486 greater, and for the recovery of this $486, due us for land sold, assumpsit for lands sold is surely a proper remedy.

*Sill*, contra.

.1. A statement of quantity will always be regarded as merely descriptive, unless there is an express covenant as to quantity. *Fuller* v. *Carr*, 33 N. Jersey Law R., 157; *Campbell* v. *Johnson*, 44 Misso., 247 ; *Wright* v. *Wright*, 34 Ala., 194; *Perkins* v. *Webster*, 2 N. Hamp., 287; *Jackson* v. *Moore*, 6 Cowen, 717.

2. Points or lines which are fixed, or capable of being fixed with certainty, will control distance. *Den* v. *Van Houten*, 2 Zabr., 61 ; *Flagg* v. *Thurston*, 13 Pick., 145 ; *Drew* v. *Swift*, 46 N. York, 204. This is well settled to be the rule in this state. *Snow* v. *Chapman*, 1 Root, 528; *Belden* v. *Seymour*, 8 Conn., 19; *Higley* v. *Bidwell*, 9 id., 452; *Nichols* v. *Turney*, 15 id., 108. Here nothing could be more certain, upon proper examination, than the line of Windsor street, which had been established by a recent survey, and the exact location of which could have been ascertained by enquiry.

3. The plaintiff claims that the intent of the parties must prevail in construing the deed. I do not dispute this. But this intent is to be gathered wholly from the deed itself. 3 Washb. R. Prop., book 3, ch. 5, § 4, art. 24; *Long* v. *Wagoner*, 47 Misso., 178 ; *White* v. *Miller*, 22 Verm., 380, 386. Steele intended to convey, and Church to receive, all the land lying between the railroad and Windsor street. They supposed, in their ignorance, and neglect to ascertain the exact quantity, that there were 283 feet. Suppose there had been

300 feet, would it have been claimed that the calls of the deed were satisfied with 283, and that the excess was not conveyed? And could Steele have recovered if there had been more than 283 feet? Clearly not, in either case.

4. There can be therefore no recovery on the count in covenant, because there has been no covenant as to the number of front feet. Even if the defendant is holden to his description, so as to make him liable in some form of action, he clearly can not be liable on any supposed covenant in his deed.

5. And he can not be liable on the count in assumpsit for lands sold. There was no sale of land, only an exchange. A sale is for money, not for part money and part land. Here it was strictly an exchange—land for land, the money payment being small and entering only incidentally into the transaction. The idea of a sale of land in the ordinary sense, and for a cash price, was not in the mind of either of the parties.

PARDEE, J. It is obvious, upon the finding of facts in this case, that when the parties adjusted the terms of their contract of exchange, the controlling thought in the mind of each, so far as the price of land belonging to the defendant was concerned, was that the defendant had undertaken to pay to the plaintiff the sum of $8,150, partly by means of this land at the agreed price of $27 per front foot and partly in money. They united in determining this price; and, in making the computation for the purpose of ascertaining the money balance, the defendant applied this appraisal to 283 feet, intending that the calculation should be accurate and believing that subsequent measurement would verify it. The plaintiff, sharing in this belief, accepted it as correct. But the subsequent measurement showed that it could have been applied to 265 feet only. Of course, this mutual mistake had produced an erroneous result; the money balance paid was shown to be too small by the sum of $486.

The intent of the parties will remain unfulfilled until the defendant supplies this deficiency. This contract, although

it concerns the payment for land bought partly through the medium of land at an agreed price per foot and the remainder in money, differs not in principle from a contract to pay for the same land partly in bales of cotton stored in the defendant's warehouse, to be received at one hundred dollars per bale, the number of bales to be determined by count, although then believed by both to be sixty, and the remainder by a sufficient sum of money. If upon delivery it should be found that there were but fifty bales, there would seem to be no legal difficulty in compelling the defendant to make good the deficient cotton by increasing the money balance. In equity, in good conscience, and in law, as well, it is his plain duty to complete the payment of the price which he agreed and intended to give for the land purchased by him.

The second count in the declaration is sufficient to support a judgment for the sum of $486, representing the error resulting from the mutual mistake of the parties. It is not necessary to express, and we therefore refrain from expressing, any opinion as to the sufficiency of the first count.

We think there is error in the judgment complained of.

In this opinion the other judges concurred.